IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS W. KURTZ, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC COUNTY JUSTICE FACILITY; WARDEN GERALDINE D. COHEN; B.V. ROBINSON, <br><br> Defendants. | Civil Action <br> No. 16-4426 (JBS-JS) <br><br> **OPINION** |

APPEARANCES:

Nicholas W. Kurtz, Plaintiff Pro Se
#241563
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey 08330

**SIMANDLE, Chief District Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff Nicholas Kurtz's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. Plaintiff is currently confined at Atlantic County Justice Facility ("ACJF"),

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief. For the reasons set forth below, the Court concludes the complaint will be dismissed.

**II. BACKGROUND**

Plaintiff filed this complaint against ACJF Warden Geraldine Cohen and Medical Director Robinson (collectively "Defendants"). Complaint ¶ 3. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he was injured on June 13, 2016 when he fell off of the concrete cylinders in ACJF's recreational yard on which he was exercising. *Id.* ¶ 4, pg. 6. Medical staff examined him on June 17 and referred Plaintiff to Dr. Robinson. *Id.* at 6. Dr. Robinson examined Plaintiff on June 29 and recommended Plaintiff have a MRI of his shoulder. *Id.* ¶ 4. Plaintiff filed this complaint on July 5 alleging he has not yet been scheduled for a MRI.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental

2

employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from governmental employees, and under § 1997e because Plaintiff is bringing claims regarding the conditions of his confinement.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV. ANALYSIS**

**A. Denial of Medical Care**

Plaintiff alleges he was denied adequate medical care because he was not provided a MRI of his shoulder. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.[2] *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

---

[2] It is not clear whether Plaintiff is a pretrial detainee or convicted prisoner. As the Due Process Clause of the Fourteenth Amendment is at least as protective as the Eighth Amendment when considering denial of medical care claims, *Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016), the Court will refer to the Eighth Amendment standard.

5

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The second element of the *Estelle* test requires an inmate show that prison officials acted with deliberate indifference to his serious medical need. "The hallmark of an Eighth Amendment violation arises when such medical treatment, or the withholding of medical treatment, is accompanied by knowing indifference to the pain or risk of serious injury this will cause, such as by 'persistent conduct in the face of resultant pain and risk of permanent injury.'" *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

Here, Plaintiff has not provided enough facts to support a reasonable inference of deliberate indifference. According to the complaint, Dr. Robinson indicated on June 29, 2016 that Plaintiff should have a MRI. Complaint ¶ 4. Plaintiff submitted this complaint six days later on July 5. Nothing in the complaint indicates this "delay" in treatment was the result of intentional, deliberate indifference to Plaintiff's medical needs. Plaintiff's disagreement with how his treatment is

6

progressing does not amount to deliberate indifference. *White*, 897 F.2d at 110. At best, Plaintiff has alleged a medical malpractice claim.

Plaintiff's federal constitutional claim is dismissed without prejudice. As Plaintiff may be able to allege facts that would state a deliberate indifference claim and address the complaint's deficiencies, he shall be given leave to amend his complaint.

**B. State Law Claims**

Plaintiff also raises state law negligence claims against Warden Cohen and ACJF for "failure to post restrictions in the recreations [sic] yard . . . ." Complaint at 6. The complaint could also be construed as raising medical malpractice claims.

As the federal constitutional claim is being dismissed, the Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3).

**C. Leave to Amend**

As Plaintiff may be able to allege facts that would address the deficiencies of his claims as noted by the Court, Plaintiff may move for leave to file an amended complaint. Any motion to amend the complaint must be accompanied by a proposed amended complaint.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in

the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

**V. CONCLUSION**

For the reasons stated above, the federal constitutional claim is dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

An appropriate order follows.

**April 20, 2017**             **s/ Jerome B. Simandle**
Date             JEROME B. SIMANDLE
           Chief U.S. District Judge